UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION - COLUMBUS

| | | |
|---|---|---|
| **TONISHIA STILLS,** <br> 6145 Intricate Way, Apt. 106 <br> Westerville, OH 43081 <br><br> Plaintiff, <br><br> vs. <br><br> **FRANKLIN COUNTY CHILDREN SERVICES,** <br> 855 West Mound Street <br> Columbus, OH 43223 <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Case No. <br><br> Judge <br><br><br><br><br><br> **JURY DEMAND ENDORSED HEREON** |

## COMPLAINT

Now comes Plaintiff Tonishia Stills ("Plaintiff"), by and through undersigned counsel, and for her Complaint against Defendant Franklin County Children Services ("Defendant") states and avers as follows:

### THE PARTIES

1. Plaintiff is an individual residing in Franklin County, Ohio. At all times alleged herein, Plaintiff was an employee of Defendant.

2. Defendant is a County agency which operates in Franklin County, Ohio.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 12111, 29 U.S.C. §§ 2611 *et seq.*, 28 U.S.C. § 1331, and Title 4112 of the Ohio Revised Code.

4. Venue is proper in the Southern District of Ohio Eastern Division because all actions took place within Franklin County, Ohio.

1

5. Plaintiff satisfied all pre-requisites for filing for lawsuit, including, but not limited to obtaining a Notice of Right to sue from Equal Employment Opportunity Commission (hereafter the "EEOC Notice"). A copy of the "EEOC Notice" is attached hereto as *Exhibit A*.

6. At all relevant times hereto, Defendant was Plaintiff's employer as the same has been defined by the Americans with Disabilities Act of 1990, as amended, 42 USCS § 12111(5), the Family and Medical Leave Act ("FMLA"), 29 USC § 2611(4), and Ohio Title 4112.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates her allegations set forth in the preceding paragraphs as if fully rewritten herein.

8. Plaintiff has a disability which causes fatigue, migraines, numbness in her legs and feet, and difficulties with her working memory and processing speed.

9. Plaintiff has worked for Defendant in various positions since 2004. In April 2023, Plaintiff accepted a position as Administrative Assistant 3 in Defendant's Data Management Department.

10. Lynetta Patterson became Plaintiff's supervisor.

11. Shortly after Plaintiff began her new job, Plaintiff reported several interactions she had with Patterson to Human Resources.

12. For example, July 2023 Patterson yelled at Plaintiff in a management meeting in front of Plaintiff's subordinates for participating in the conversation abut the security staff.

13. In September 2023, Patterson assigned Plaintiff to present at a management conference and in the middle of Plaintiff's presentation, Patterson interrupted Plaintiff and took over the presentation. Patterson then apologized to the audience for Plaintiff's "lack of preparedness."

14. In October 2023, Plaintiff participated in a management training with Patterson. Patterson yelled at Plaintiff for participating in the meeting and shouted "Don't look at me, turn around!"

15. Plaintiff reported to Human Resources that Patterson treated her differently because she required accommodations pursuant to her disability.

16. Human Resources initiated an investigation into Patterson's conduct. The investigation concluded in January 2024. Patterson continued to treat Plaintiff differently than her nondisabled coworkers.

17. As a result of Patterson's treatment towards Plaintiff, Plaintiff was forced to take leave pursuant to FMLA as her disability was exacerbated.

18. Patterson was aware Plaintiff took FMLA.

19. In February 2024, Plaintiff requested additional accommodations pursuant to her disability which included being allowed to work from a minimally distracting environment, reduce the need to multitask, allow Plaintiff additional time to complete assignments, and for Patterson to provide instructions in writing to Plaintiff for tasks.

20. On April 17, 2024, two months after Plaintiff requested additional accommodations, Defendant partially denied Plaintiff's request. Defendant specified it could only provide Plaintiff "regular but brief breaks" and "constructive feedback" on her assignments.

21. Plaintiff returned to work from her leave of absence in August 2024 and again requested accommodations pursuant to her disability. Plaintiff requested a flexible work schedule to attend appointments, modified work schedule to have time to process information, extra time to complete tasks, and the ability to take short breaks.

22. After receiving no response from Defendant regarding her disability accommodation requests and Patterson's continued differing treatment toward Plaintiff, Plaintiff filed a charge of discrimination with the EEOC on December 28, 2024.

23. Defendant conducted an investigation after receiving Plaintiff's EEOC charge and interviewed Patterson. Again, Defendant did not discipline Patterson or put a stop to Patterson's treatment towards Plaintiff.

24. Five months after Plaintiff requested an accommodation and after filing an EEOC charge, Defendant partially denied Plaintiff's request on January 10, 2025. Defendant was only willing to allow Plaintiff a flexible work schedule so her appointments could be scheduled Friday afternoons, and "regular but brief" breaks.

25. Also in January 2025, Plaintiff requested to be transferred to a different position so her supervisor would no longer be Patterson. Defendant denied Plaintiff's request.

26. After Defendant began its investigation into Patterson, Plaintiff began receiving discipline from Patterson about her work performance. Patterson reported that Plaintiff failed to demonstrate leadership, competence, and follow her job duties, despite Patterson's acknowledgment that she did not train Plaintiff fully in her job.

27. In June 2025, Defendant disciplined Plaintiff for insubordination, inefficiency, and unsatisfactory work performance. Plaintiff was suspended for three days.

28. Plaintiff previously received good performance reviews prior to taking leave pursuant to her disability. After reporting she was being treated differently, Patterson reviewed Plaintiff's performance poorly.

29. Plaintiff requested another accommodation in summer 2025 which included a flexible work schedule, modified work schedule, extra time to complete assignments, and breaks.

30. Defendant again partially denied Plaintiff's accommodation request in September 2025 and refused to allow Plaintiff additional time to complete assignments and provided minimal flexibility.

31. Defendant's reasons for Plaintiff's discipline are false or not believable.

32. Defendant's reasons for failing to accommodate Plaintiff are false or not believable.

## COUNT I
### Violation of the Americans with Disabilities Act, 42 USC § 12101, *et seq.* & Ohio Title 4112
### Disability Discrimination – Failure to Accommodate

33. Plaintiff incorporates her allegations set forth in the preceding paragraphs above as if fully rewritten herein.

34. The Americans with Disability Act ("ADA") requires employers to engage in the interactive process and offer reasonable accommodations for employees with disabilities. *See* 42 USC § 12112 and Ohio Title 4112.

35. Plaintiff is a qualified individual with a disability.

36. Defendant was aware of Plaintiff's disability.

37. Defendant failed to reasonably accommodate Plaintiff's disability.

38. Defendant failed to engage in the interactive process with Plaintiff regarding Plaintiff's disability.

39. Irrespective of the interactive process, Defendant failed to provide Plaintiff with a reasonable accommodation.

40. Defendant's failure to provide a reasonable accommodation has harmed and will continue to harm Plaintiff.

41. Plaintiff's disability was the basis for Defendant's discriminatory treatment.

42. Accommodating Plaintiff's disability would not have resulted in an undue hardship on Defendant or its business because Defendant allows other non-disabled employees in the same position as Plaintiff to work from home, amongst other reasons.

43. By failing to engage in the interactive process or offer any reasonable accommodation, Defendant's discriminatory actions were intentional and/or reckless and in violation of the ADA and Ohio Title 4112.

44. As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 12101, Ohio Title 4112, and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which he was entitled, an amount to be determined at arbitration.

## COUNT II
### Violation of the Americans with Disabilities Act, 42 USC § 12101, *et seq.* & Ohio Title 4112
### Disability Discrimination – Disparate Treatment

45. Plaintiff incorporates her allegations set forth in the preceding paragraphs above as if fully rewritten herein.

46. The Americans with Disability Act ("ADA") prohibits employers from discriminating against an employee on the basis of her disability. *See* 42 USC § 12112; Ohio Title4112.

47. Plaintiff is disabled as defined by the ADA and Ohio Title 4112.

48. Plaintiff is qualified, with or without reasonable accommodation to perform the essential functions of her job.

49. By deliberately refusing to reasonably accommodate Plaintiff's disability Defendant discriminated against Plaintiff on the basis of her disability.

50. Defendant's discriminatory actions were motivated by discriminatory animus towards Plaintiff's disability.

51. As a result of Defendant's disparate treatment, Plaintiff suffered an adverse employment action.

52. As a result of Defendant's disparate treatment, Plaintiff was treated differently than similarly situated employees without disabilities.

53. As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 12101, Ohio Title 4112, and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which he was entitled, an amount to be determined at arbitration.

## COUNT III
### Americans with Disabilities Act, 42 USC § 12101, *et seq.* & Ohio Title 4112
### Retaliation

54. Plaintiff hereby incorporates the preceding allegations set forth above as if fully rewritten herein.

55. Following Plaintiff's reports to Defendant about being treated differently than her nondisabled coworkers, Defendant suspended, disciplined, and refused to allow a transfer to Plaintiff.

56. Defendant treated Plaintiff differently with respect to the terms and conditions of her employment because of her continued participation in protected activity.

57. Defendant's actions constitute retaliation as prohibited by the ADA and Ohio Title 4112.

7

58. Because of Defendant's retaliation, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income (including back pay and front pay), and other benefits to which she was entitled, in an amount to be determined at trial.

### COUNT IV – FMLA RETALIATION
**Family and Medical Leave Act, 29 USCS § 2611, et seq.**

59. Plaintiff hereby incorporates the preceding allegations set forth above as if fully rewritten herein.

60. At the time of Plaintiff's adverse employment action, Plaintiff was qualified to perform the job duties for her position.

61. Plaintiff exercised her rights under 29 § USCS 2611, *et seq.* and engaged in a protected activity.

62. Plaintiff suffered an adverse employment action and was suspended, disciplined, and refused a transfer due to her use of FMLA.

63. Defendant treated similarly situated employees who did not use FMLA more favorably and those employees were not suspended, disciplined, or refused a transfer.

64. By disciplining Plaintiff and refusing to transfer Plaintiff, Defendant retaliated against Plaintiff for taking FMLA leave.

65. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff has suffered damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which he was entitled, an amount to be determined at trial.

**WHEREFORE**, Plaintiff Tonishia Stills prays that this Court award a judgment against Defendant Franklin County Children Services on all counts, for compensatory and punitive

damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income and other benefits to which Plaintiff is entitled is entitled in an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

    Respectfully submitted,

    KEMP, SCHAEFFER & ROWE CO., L.PA.

    /s/Erica Ann Probst
    Erica Ann Probst (0073486)
    Andrea L. Salvino (0097768)
    88 West Mound Street
    Columbus, Ohio 43215
    Telephone: (614) 232-8692
    Facsimile: (614) 469-7170
    Email: Erica@ksrlegal.com
          ASalvino@ksrlegal.com
    *Counsel for Plaintiff*

## **JURY DEMAND**

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

Respectfully submitted,

KEMP, SCHAEFFER & ROWE CO., L.PA.

/s/Erica Ann Probst
Erica Ann Probst (0073486)
Andrea L. Salvino (0097768)
88 West Mound Street
Columbus, Ohio 43215
Telephone: (614) 232-8692
Facsimile: (614) 469-7170
Email: Erica@ksrlegal.com
            ASalvino@ksrlegal.com
*Counsel for Plaintiff*